IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DARRYL LIGONS,

        **Plaintiff,**

v.

EXPERIAN,

        **Defendant.**

Case No. 24-CV-45-JFH-MTS

## OPINION AND ORDER

Before the Court is a motion to dismiss for improper claim splitting ("Motion") filed by Defendant Experian Information Solutions, Inc. ("Experian"). Dkt. No. 9. Experian argues that this suit is duplicative of current litigation between Plaintiff Darryl Ligons ("Ligons") and Experian before a different judge in this District in Case No. 23-CV-515-SEH-JFJ ("the Judge Hill case"). For the reasons stated herein, Experian's Motion is GRANTED.

## BACKGROUND

This short case has had several false starts. Ligons originally filed a small claims affidavit in Oklahoma state court (specifically, Tulsa County District Court). Case No. 23-CV-515, Dkt. No. 2-1. He then filed an amended small claims affidavit in the state court case increasing the amount of damages sought. Case No. 23-CV-515, Dkt. No. 2-3. Both state court pleadings, which are reproduced below as they appear in the pleadings, sought damages for the same conduct:

- The defendant owes the plaintiff $5,000 for negligent not following the FCRA pursuant to USC 1681b Sec 604(c)(3) and hindering my credit by spitfully not removing accounts that has been charge off by IRS as extinguish & refuse to answer my disputes. Case No. 23-CV-515, Dkt. No. 2-1.

- The defendant owes the plaintiff $10,000 for negligent not following the FCRA pursuant to USC 1681E(b), USC 1681(b) Sec 604 (2(3) and hindering my credit by spitfully not removing, addresss, inquires, charge off accounts that's been extingusit by the IRS & refuse to answer my disputes. Case No. 23-CV-515, Dkt. No. 2-3.

Because Ligons invoked a federal statute—the Fair Credit Reporting Act at 15 U.S.C. §§ 1681 *et seq.* ("FCRA")—Experian removed the case to federal court. Case No. 23-CV-515 (the "515 suit"), Dkt. No. 2. This transferred the case out of state court and into the Northern District of Oklahoma. The case was assigned to Judge Terence C. Kern, and then upon his retirement, was reassigned to Judge Sara E. Hill. Case No. 23-CV-515, Dkt. No. 9.

On December 6, 2023, Experian filed a motion in the Judge Hill case requesting a more definite statement. Case No. 23-CV-515, Dkt. No. 8. It referred to Ligons' amended small claims affidavit [Case No. 23-CV-515, Dkt. No. 2-3] as an amended complaint, following federal terminology. However, it argued the amended complaint did not provide sufficiently definite allegations and requested the Court direct Plaintiff to provide more detail for his allegations. Case No. 23-CV-515, Dkt. No. 8. That motion is still pending.

On February 6, 2024, Ligons initiated this case by filing a complaint. Dkt. No. 1. The case was randomly assigned to the undersigned. In contrast to his one-page state court small claims affidavits, Ligons' federal complaint was seven pages long and brought five causes of action, starting with violation of the FCRA. *Id.* The averments in this claim referenced his original small claims affidavit. *Id.* at 3. Ligons' complaint also included claims for willful noncompliance with the FCRA, negligence, negligent noncompliance with the FCRA, and defamation. *Id.* In contrast to his small claims affidavits, Ligons requested at least $100,000 in actual damages in this case, as well as declaratory judgment, statutory damages, punitive damages, injunctive relief, costs and attorney fees, and credit report monitoring. *Id.* at 6-7.

Experian responded with the instant Motion, arguing that the claims in this suit duplicate the claims in the Judge Hill case. Dkt. No. 9. Experian theorizes that Ligons—a pro se plaintiff— accidentally started this suit when he attempted to respond to Experian's pending motion for more

2

definite statement in the Judge Hill case.  Regardless of whether this case was started accidentally or intentionally, however, Experian seeks its dismissal.  *Id.*

One week after the Motion was filed, Ligons filed an amended complaint in this case, which states in relevant part:

> The Plaintiff initiated the instant action entirely separate from 23-CV-515-SEH-JFJ and properly served the Defendants [sic].  Because the Defendant filed their response within 21 days from being served, the Plaintiff is asking that default judgment be entered in favor of the Plaintiff as well as any and all relief deemed necessary and applicable.

Dkt. No. 12 at 2-3.  The remainder of the amended complaint is functionally identical to the original complaint.  *Compare* Dkt. No. 12 *with* Dkt. No. 1.  While Ligons requests default judgment in the paragraph quoted above, he does not reiterate this request anywhere else in the amended complaint, such as in his prayer for relief.  *See* Dkt. No. 12 at 7-8.

## AUTHORITY AND ANALYSIS

Experian requests the Court dismiss this case for improper claim-splitting.  Dkt. No. 9.  A plaintiff has an "obligation to bring all related claims together in the same action [ ] under the common law rule of claim preclusion prohibiting the splitting of actions."  *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006).  Under the doctrine of claim-splitting, district courts have the power to "control their dockets by dismissing duplicative cases."  *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).

A case is subject to dismissal for claim splitting if "the first suit, assuming it were final, would preclude the second suit."  *Id.* at 1218.  Preclusion exists where the "identity of parties or privies" and the "identity of the cause of action in both suits" are the same.  *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (quotation omitted).  Identity of causes of action occurs when claims brought in separate suits "arise from the same transaction, event, or occurrence."  *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257

(10th Cir. 1997). *See also Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1202 (10th Cir. 2000) ("What constitutes the same transaction or series of transactions is to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." (quotation omitted)).

Here, the Judge Hill case, assuming it were final, would preclude this case. Identity of parties exists because both cases involve Ligons as plaintiff and Experian as defendant. Identity of claims also exists, as Ligons' claim in the Judge Hill case and his claims in this case arise from the same events. Both allege that Experian violated the FCRA by refusing to remove charged-off accounts from Ligons' credit report and "spit[e]fully" affecting Ligons' credit score. Although Ligons raises more legal theories in this case than in the Judge Hill case, those theories draw from the same facts related in time, space, and origin. The paragraph in Ligons' amended complaint saying that he intended to initiate this case separately from the Judge Hill case and requests default judgment does not change the substance of the case. Claim splitting exists and the Court may consider dismissal.

A district court may dismiss a suit "for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002) (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). Judicial efficiency and docket management are particularly compelling judicial administration interests in the Northern and Eastern Districts of Oklahoma since the Supreme Court's 2020 decision in *McGirt v. Oklahoma*, which caused unprecedented caseloads and jurisdictional complexities. 142 S. Ct. 2452 (2020). The practical effect of *McGirt* was an immediate increase of nearly 200% in the number of criminal cases filed in the Northern

District of Oklahoma and more than 400% in the Eastern District of Oklahoma. *See* U.S. Courts, *Judiciary Supplements Judgeship Request, Prioritizes Courthouse Projects* (Sept. 28, 2021), https://www.uscourts.gov/news/2021/09/28/judiciary-supplements-judgeship-request-prioritizes-courthouse-projects. Indeed, the Supreme Court has since recognized the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt, Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486, 2492 (2022), and numerous federal courts have "noted *McGirt*'s tremendous impact," *United States v. Budder*, 601 F. Supp. 3d 1105, 1114 (E.D. Okla. 2022) (collecting cases) *aff'd* 76 F.4th 1007 (10th Cir. 2023). The Judicial Conference of the United States has asked Congress to create an additional permanent judgeship in this District (and two additional permanent judgeships in the Eastern District) to help manage the tsunami of cases that make up the District's current docket. *See* U.S. Courts, *The Courts and Congress – Annual Report 2023* (March 12, 2024), https://www.uscourts.gov/statistics-reports/courts-and-congress-annual-report-2023. Judicial administration interests weigh heavily toward granting Experian's Motion given the duplicative nature of this case.[1]

## CONCLUSION

IT IS THEREFORE ORDERED that Experian's motion to dismiss [Dkt. No. 9] is GRANTED. This action is DISMISSED WITH PREJUDICE.

DATED this 25th day of March 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] Experian requests this Court direct Ligons to file his pleading in the Judge Hill case. However, the Court notes that Experian's motion for more definite statement in the Judge Hill case is still pending. Further, even if that motion had already been granted, it is not the Court's place to direct action in other judges' cases.